| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

April 7, 2020

LETTER TO COUNSEL

    RE:    *Helene C. v. Commissioner, Social Security Administration*
             Civil No. DLB-18-2938

Dear Counsel:

Presently pending is Plaintiff Helene C.'s Motion to Reconsider the Court's December 31, 2019 letter opinion and order, which granted summary judgment in favor of the Social Security Administration ("SSA"). ECF No. 23. Plaintiff asks the Court to reconsider its decision to affirm the final judgment of the SSA, reasserting that the ALJ improperly evaluated Plaintiff's impairments at step three of the sequential evaluation. *Id.* I have reviewed Plaintiff's motion and the SSA's response. ECF No. 24. No hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's motion is denied.

Procedural History

On September 21, 2018, Plaintiff petitioned this Court to review the SSA's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. Plaintiff's arguments on appeal were (1) that the ALJ erred at step three in analyzing whether Plaintiff's impairments met or medically equaled Listing 1.04A; and (2) that the ALJ's RFC determination was unsupported by substantial evidence. ECF No. 14. The Court found (1) that the ALJ's step three analysis was not so inadequate that it was unreviewable, and that any step three errors were harmless because Plaintiff did not meet her burden of showing that she met all of Listing 1.04A's criteria; and (2) that the ALJ's RFC analysis was supported by substantial evidence. ECF No. 21. Accordingly, the Court denied Plaintiff's motion for summary judgment, granted the Commissioner's motion for summary judgment, and affirmed the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 22. Thereafter, Plaintiff filed her motion to reconsider on January 14, 2020. ECF No. 23.

Standard of Review

Plaintiff has filed her motion to reconsider pursuant to Local Rule 105.10. The standard for reconsideration under that rule is similar to the standard for relief under Fed. R. Civ. P. 59(e), which provides that "[a] motion for reconsideration is appropriate [1] to 'correct manifest errors of law or fact or [2] to present newly discovered evidence,' or [3] where there has been an intervening change in controlling law." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001).

Plaintiff's Grounds for Reconsideration

In her motion, Plaintiff argues that the Court's decision "contains manifest errors of law with respect to Listing 1.04A." ECF No. 23 at 2. Specifically, Plaintiff challenges (1) the Court's analysis of Listing 1.04A's definition of motor loss; (2) the Court's failure to follow its own caselaw regarding the ALJ's "responsibility for determining whether the positive straight-leg raising tests were conducted in the sitting and supine positions"; and (3) the framework that the Court applied in reviewing her case. *Id.* at 2-8. In a brief response, the Commissioner argues that Plaintiff "has not identified a clear error of law or manifest injustice." ECF No. 24 at 1.

Definition of Motor Loss Under Listing 1.04A

Plaintiff first argues that the Court misapplied Listing 1.04A's definition of motor loss. Motor loss, according to Listing 1.04A, requires a showing of muscle weakness "accompanied by sensory or reflex loss." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A. Plaintiff identified one medical report in the record that she claims "clearly evidences motor loss accompanied by both sensory and reflex loss." ECF No. 23 at 3. The record in question is a one-time consultative evaluation by Dr. Bhargava, which noted, in relevant part:

> Sensory: Sensation to light touch is normal in both upper and right lower limb. There is decreased sensation to light touch in whole of the left lower limb on medial and lateral aspect.
> Reflexes: Deep tendon reflexes are 1+ and symmetrical in upper and lower limbs.
> . . .
> Muscle strength: Muscle strength is 5/5 in both upper and lower limbs except for left hip flexion which she is unable to do because of pain in the lower lumbar area.

Tr. 654.

The ALJ did not discuss Dr. Bhargava's consultative examination in his step-three analysis. Tr. 21. As this Court has explained, an ALJ's failure to support a step-three conclusion may not be fatal if the ALJ cited to substantial evidence elsewhere in the decision to support his conclusion. *See Grimm v. Comm'r, SSA*, Civil No. SAG-15-3403, 2016 WL 6651300, at *2 (D. Md. Nov. 10, 2016); *Schoofield v. Barnhart*, 220 F. Supp.2d 512, 522 ( D. Md. Sept. 6, 2002) (explaining that remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [ ] determine whether there was substantial evidence to support the ALJ's Step Three conclusion.").

Here, the ALJ provided a thorough discussion of Plaintiff's spinal impairments and the medical opinions of record, including the consultative examination on which Plaintiff relies. Tr. 22-26. Specifically, the ALJ noted that "[w]hile physical examinations somewhat varied, treating records consistently documented that the claimant presented with a normal gait, intact motor strength and tenderness in the lumbar region." Tr. 23. When discussing the treatment records of Plaintiff's treating pain management physician assistant, the ALJ noted that Plaintiff's "physical examination findings

were overwhelmingly normal" and that "[i]t was consistently noted that the claimant had a normal gait with intact muscle strength." Tr. 24. The ALJ summarized Dr. Bhargava's report:

> The physical examination revealed that the claimant had a normal gait and intact muscle strength of 5/5 in the upper and lower limbs, except upon left hip flexion. Additionally, she had a full and painless range of motion in her cervical spine and pain upon range of motion of her lumbar spine. Based on his evaluation, Dr. Bhargava opined that the claimant could change positions from sitting to standing, standing to sitting, sitting to supine and supine to sitting without discomfort. He further noted that the claimant refused to squat.
>
> In according his opinion some weight, the undersigned notes that Dr. Bhargava conducted a comprehensive physical examination of the claimant and his opinion was consistent with the overwhelmingly normal findings document[ed] in his examination record. While his opinion is consistent with the decision's ultimate finding, taking into consideration all the medical evidence of record and the claimant's subjective complaints, the undersigned finds that the claimant is more limited than Dr. Bhargava opined.

Tr. 25 (citations removed). In addition, Dr. Bhargava's report was included in the record reviewed by the State agency physician on reconsideration. *See* Tr. 90, 98, 100. Both State agency physicians opined that Plaintiff did not meet any subsection of Listing 1.04, and that she was capable of performing a reduced range of light work. Tr. 72-73, 99-100 (at the reconsideration level, the State agency physician added restrictions to never climbing ladders, ropes, or scaffolds). The ALJ also discussed Plaintiff's primary care treatment records and found that "[t]he overall primary care records document routine monitoring of the claimant's health with no documentation of any significant physical abnormalities." Tr. 23.

Plaintiff argues that the RFC discussion shows that the ALJ "simply overlooked this evidence of motor [loss] at step-three." ECF No. 23 at 5. Plaintiff claims that the "RFC discussion made clear that Plaintiff suffers from muscle weakness, as the ALJ limited the strength demands in determining her RFC." *Id*. This is unpersuasive. The ALJ did not overlook the consultative examination; he discussed Dr. Bhargava's report and found that it, and the overall record, demonstrated that Plaintiff had intact motor strength.

Plaintiff takes issue with the Court's conclusion that Dr. Bhargava's report did not undermine the ALJ's finding that the record did not establish motor loss. ECF No. 23 at 3. Plaintiff argues that the report "clearly evidences motor loss." Under the standard of review, the question is whether there was substantial evidence to support the ALJ's finding. There was. This is not an instance where "[i]nconsistent evidence abounds, . . . 'leav[ing the court] to wonder' in such a way that [the court] cannot conduct 'meaningful review.'" *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished) (quoting *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). The ALJ considered Dr. Bhargava's report and other record evidence in making his decision. Given the ALJ's discussion and consideration of the report, there is substantial evidence for his conclusions, and the Court will not

set aside the bases for the ALJ's decision because Plaintiff has a different interpretation of the evidence.

<u>Any Step-Three Error was Harmless</u>

Plaintiff next claims that the Court erred when it determined that any step-three error was harmless because Plaintiff could not show that her positive straight-leg raising tests were performed in both the sitting and supine positions, as required by Listing 1.04A. ECF No. 23 at 5. Plaintiff argues that the Court's choice of supporting caselaw was "a manifest error of law, given that this Court has already addressed this precise issue," and that the ALJ must identify the positions of the tests. *Id.* at 6-7. I disagree. Contrary to Plaintiff's argument, I have found no law or precedent for the proposition that an ALJ is responsible for determining whether a claimant has met her step-three burden of showing that all criteria of a listing are met. *See* 20 C.F.R. §§ 404.1520, 416.920 (describing the five-step sequential process); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (explaining that the claimant bears the burden of proof at steps one through four of the sequential process).

As I stated in the December 31, 2019 letter, the ALJ incorrectly limited his review of Plaintiff's straight-leg raising tests to the year prior to the decision.[1] ECF No. 21 at 4; *see Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013); Acquiescence Ruling 15-1(4), 2015 WL 5564523. "'[G]eneral case law governing application of the harmless-error standard' applies equally to administrative cases." *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656 (4th Cir. 2016) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). The party challenging the administrative finding generally carries the burden of showing harm. *Shinseki*, 556 U.S. at 409-10. The issue here is whether the ALJ's error of limiting his review of Plaintiff's straight-leg raise tests to the year prior to his decision at step three was harmless. Plaintiff has not shown that it was not. Therefore, remand is not warranted.

Listing 1.04A clearly names, as one of its requirements, "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A. This Court has ruled consistently on that issue. *See, e.g., Troy B. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-325, 2019 WL 6684498, at *2 (D. Md. Dec. 6, 2019); *Puccinelli v. Comm'r, Soc. Sec. Admin.*, Civil No. ELH-17-2246, 2018 WL 2717839, at *2 (D. Md. June 6, 2018), *report and recommendation adopted*, 2018 WL 3458574 (D. Md. July 12, 2018). Other courts have ruled similarly. *See Martin v. Colvin*, Civil Action No. 1:12-CV-062-BL, 2013 WL 3155939, at *5 (N.D. Tex. June 21, 2013); *Norris v. Saul*, No. 9:18-cv-2973-DCN, 2020 WL 255703, at *4 (D.S.C. Jan. 17, 2020) ("[t]he plain language of Listing 1.04A requires evidence of a positive test in both the sitting <u>and</u> supine positions.") (emphasis in original).

Rather than showing that the ALJ's error was not harmless by identifying record evidence of positive straight-leg tests performed in both positions, Plaintiff argues that "the responsibility for determining whether the positive straight-leg raising tests were conducted in the sitting and supine

---

[1] The Court's December 31, 2019 letter also discussed the ALJ's reliance on an MRI study to find that Plaintiff did not meet the threshold requirement of Listing 1.04A, and held that any error resulting from that reliance was harmless because the ALJ continued the analysis and explained that Plaintiff did not meet all of Listing 1.04A's requirements. ECF No. 21 at 3-4.

positions is solely the ALJ's." ECF No. 23 at 7 (citing *Hambleton v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-2897, 2016 WL 4921422, at *2 (D. Md. Sept. 15, 2016) and *Westbrook v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-2692, at 2 (D. Md. Sept. 28, 2016) (not reported in Westlaw)). Those cases are distinguishable from this case.

In *Hambleton*, the Court remanded because the ALJ's inadequate analysis of Listing 1.04 defied judicial review. 2016 WL 4921422, at *2. There, "several of the ALJ's factual assertions [were] inaccurate." *Id.* Judge Gallagher noted that, on remand, "the ALJ may not simply speculate that the testing was insufficient, as suggested by the Commissioner[,]" and that "the ALJ should contact the treating physician for clarification" regarding the position of the plaintiff's straight-leg raising tests "if this issue is potentially determinative within the ALJ's analysis on remand[.]" *Id.*; *see also Peters v. Comm'r, Soc. Sec. Admin.*, Civil No. ADC-17-2371, 2018 WL 4223155, at *5 (D. Md. Sept. 5, 2018) (citing to *Hambleton* to explain that "[a]n ALJ is not required to contact a treating physician for clarification where the issue is not determinative of a finding that a claimant met or equaled Listing 1.04A"). Here, the ALJ's analysis of Listing 1.04A was not so inadequate as to defy judicial review. This is not a case in which the ALJ misstated the record; the ALJ noted evidence of positive straight-leg raising tests in the RFC discussion. Tr. 23.

*Westbrook* is also distinguishable. In that case, the Court remanded in light of the Fourth Circuit's decision in *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015), which held that an ALJ's analysis is deficient when it consists solely of conclusory statements and does not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Fox* held that a court may not review the record *de novo* to assess whether the criteria of a listing are met when an ALJ fails to offer adequate explanation for her step-three conclusions. Following *Fox*, Judge Gallagher explained in *Westbrook* that the court "should not be evaluating, in the first instance, whether [Plaintiff's] medical symptoms occurred within a consecutive 12-month period of whether the positive straight-leg raising tests were conducted in the sitting and supine positions." *Westbrook*, SAG-15-2692, at 4. The defect in the ALJ's opinion in *Westbrook* is not present here. Here, the ALJ offered an explanation for his step-three finding. Plaintiff has not shown that any error in the step-three analysis was not harmless.

Applicable Framework

Lastly, Plaintiff asserts that the Court erroneously applied the framework of *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990), which "establishes a claimant's burden at the administrative level, for which Plaintiff does not contest will remain her burden at the administrative level." ECF No. 23 at 8; *see Sullivan*, 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.") (emphasis in original); *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (unpublished) (citing *Sullivan*, 493 U.S. at 530) ("In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing."). Plaintiff insists that "the issue on appeal does not concern whether Plaintiff actually meets or equals Listing 1.04A," and argues that remand is warranted because "the ALJ failed to provide sufficient explanation as to why the aforementioned contradictory or ambiguous evidence was rejected at step-three." ECF No. 23 at 7. Plaintiff asks the Court to remand because "the ALJ's step-three determination is not supported by substantial evidence and was not reached through application of the correct legal standards." *Id.*

I agree that the ALJ's step-three analysis would have benefited from more explanation. However, as discussed in the Court's December 31, 2019 letter, the ALJ's analysis was not so inadequate as to defy judicial review. The ALJ's step-three analysis, read in combination with the RFC discussion, satisfies substantial evidence review. Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Bhargava's consultative examination report; he summarized it and assigned it weight in the RFC discussion. And although the ALJ erred in limiting his review of Plaintiff's straight-leg raise tests to the year prior to the decision, he did not reject the evidence and Plaintiff has failed to show that the error was not harmless.

For these reasons, Plaintiff's Motion for Reconsideration, ECF No. 23, is DENIED. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge